IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DAMEION BUCKLEY,

   Plaintiff,

vs.                                                                                              No. 1:23-cv-01145-JDB-jay

ANGELA SCOTT,

   Defendant.

## REPORT AND RECOMMENDATION

On July 24, 2023, Plaintiff Buckley filed a lawsuit against Defendant Scott. (D.E. 1.) Plaintiff moved for leave to proceed in forma pauperis, which the Court granted. (D.E. 2; D.E. 4.) Because Plaintiff is proceeding in forma pauperis, this case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), the Court must conduct a screening of the Complaint to determine whether summons should be issued by the Clerk. It is RECOMMENDED that Plaintiff's Complaint be DISMISSED.

### I. BACKGROUND

Plaintiff's Complaint states that he is seeking a writ of habeas corpus on the ground that he was unlawfully incarcerated thirty-five days in a county jail. (D.E. 1 at 6-7.) Plaintiff argues that a person by the name of Jeremy Fields pled guilty to a crime "months before" Plaintiff was arrested for the same crime. (D.E. 1 at 5, 7.)

1

Plaintiff also filed an Amended Complaint in which he averred that the state court indictment brought against him was false and not supported by the record of that case. (D.E. 6.) He further states that Defendant Scott, who was the Assistant district Attorney involved in Plaintiff's prosecution, knew Mr. Fields entered a guilty plea months prior to Plaintiff being indicted. (D.E. 5 at 6.) Plaintiff argues that Defendant Scott acted with both malicious intent and negligence in indicting Plaintiff when she aware that Mr. Fields had previously pleaded guilty to the same crime for which Plaintiff was charged. (D.E. 6 at 9.)

Plaintiff later filed a Memorandum of Law and Facts in Support of Plaintiff's Motion for Summary Judgment (D.E. 8); however, the Court notes that Plaintiff never filed a motion for summary judgment. Moreover, the filing reads more like a Second Amended Complaint than a memorandum. Although Plaintiff neither had leave of Court, nor freedom to amend under the Federal Rules, the Court will consider this document as Plaintiff's Second Amended Complaint.

In his Second Amended Complaint Plaintiff reiterated that the indictment was not supported by probable cause. (D.E. 8 at 4.) Plaintiff further alleges that Defendant Scott's actions violated Plaintiff's 4th, 5th, 10th, and 14th Amendment rights" (D.E. 8 at 5.) The final paragraph of Plaintiff's Second Amended Complaint states:

> The evidence in this case shows that Angela Scott et al. jeopardized, disturbed, and slandered public health, safety, morals, and general welfare. There is simply no rational basis for Angel[a] Scott et al. actions [sic] upon Plaintiff Dameion Buckley and it violates substanti[ve] due process [] and equal protection rights under the Tennessee Constitution. See Tenn. Const. art. 1, § 8; Tenn. Const. Art. 1, § 7 id. art. XI, § 8. [sic] Plaintiff[] respectfully ask[s] this Court to GRANT [his] motion for summary judgment[.]

(D.E. 8 at 7.)

Plaintiff's Second Amended Complaint references evidence, which Plaintiff attempted to include in his filings via hyperlinks to documents stored in an online database. The Court instructed

2

Plaintiff to file any documents he wished the Court to consider in a proper format, which Plaintiff did.[1]

The first document is a judgment entered against Mr. Fields showing that he pled guilty to one count of simple possession on April 6, 2021.[2] (D.E. 10-1.) The second, third and fourth documents relate to a Grand Jury Indictment showing that Plaintiff was charged with simple possession, with an offense date of April 2, 2021. (D.E. 10-2; D.E. 10-3; D.E. 10-4.) Defendant Scott is listed as the Assistant District Attorney on the indictment. (D.E. 10-3.) The indictment was returned on November 29, 2021. (D.E. 10-4.)

Plaintiff also submitted a copy of an Order of Nolle Prosequi. (D.E. 10-5.) That document states that Plaintiff was driving, and Mr. Fields was a passenger, in a vehicle that was stopped on April 2, 2021, by a state Trooper. (D.E. 10-5 at ¶¶ 2-3.) Upon searching the vehicle, the Trooper located "approximately 7 grams of marijuana in a jar in the passenger side floorboard." (D.E. 10-5 at ¶ 4.) The state then charged "both Jeremy Fields and [Plaintiff] . . . with Simple Possession of Marijuana." (D.E. 10-5 at ¶ 5.) The Order goes on to state that "Jeremy Fields entered a guilty plea" which led the State to believe it could not prove Plaintiff's guilt "beyond a reasonable doubt."

---

[1] Plaintiff made two filings of the same set of documents; the Court will cite to the documents found at D.E. 10. However, the same set of documents can be found at D.E. 11.

[2] The document does not include the offense date, but the Court assumes for the purposes of this Report and Recommendation that it is the same offense date for which Plaintiff was indicted.

(D.E. 10-5 at ¶¶ 6-7.) This Order appears to have been entered sometime in August of 2022.[3] (D.E. 10-5 at 2.)

Based on the documents filed by Plaintiff, the sequence of events appears as such:

- April 2, 2021: Plaintiff and Mr. Fields were both in a vehicle where marijuana was present;

- April 6, 2021: Mr. Fields pled guilty to one count of simple possession;

- November 29, 2021: State Grand Jury returned an indictment of simple possession as to Plaintiff related to the events on April 2, 2021;

- January 7, 2022: Plaintiff was arrested and detained;

- February 9, 2022: Plaintiff was released; and

- August 2022: An order of nolle prosequi was filed

It appears Plaintiff is raising the following claims: (1) deprivation of his Constitution rights as secured by the Fourth, Fifth, Tenth, and Fourteenth Amendments; (2) professional malpractice; (3) intentional infliction of emotional distress; and (4) various violations of the Tennessee Constitution.

## II. SCREENING STANDARD

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i)    is frivolous or malicious;
    (ii)   fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[3] The copy submitted by Plaintiff does not include the signature of the presiding judge, but it does include the signature of an Assistant District Attorney, Matthew Floyd. (D.E. 10-5 at 1.)

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518

5

F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Under § 1915(e)(2)(B), the Court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10–1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Furthermore, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999).

### III. ANALYSIS

As a preliminary matter, Plaintiff's pleadings refer to an earlier-filed case that was ultimately dismissed. *See Buckley v. Tennessee*, 1:22-cv-01252-JDB-jay. Plaintiff's previous case and this case are based upon the same factual background; however, the earlier action was raised against the State of Tennessee. To the extent Plaintiff is attempting to dispute the dismissal of that case, the proper procedure would be to appeal the District Court's judgment, not file a new lawsuit. Plaintiff did not appeal the judgment entered in case number 1:22-cv-01252-JDB-jay and that judgment is now final. As such, the Court will not consider any objections Plaintiff was attempting to raise regarding the earlier filed case against the State of Tennessee.

Next, Plaintiff purports to seek a writ of habeas corpus in this matter. To obtain relief under the federal habeas statutes, a party must be in custody at the time they file their application. *Lee v. Rios*, 360 Fed. Appx. 625, n. 2 (6th Cir. 2010). Plaintiff alleges he was in the Henderson County Jail from January 7, 2022, until February 9, 2022. Plaintiff filed this action on July 24, 2023, which is well after the date he was released. As such, he was not in custody for the purposes of a federal habeas action. However, reading Plaintiff's filings liberally, the Court construes his habeas claims as Constitutional deprivation claims.

### A. Plaintiff's Federal Constitution Claims Should Be Dismissed

Plaintiff alleges violations of the Fourth, Fifth, Tenth, and Fourteenth Amendments to the United States Constitution. The Court will consider Plaintiff's federal constitutional violations pursuant to 42 U.S.C. § 1983 which provides a private cause of action against state actors that allegedly deprive a citizen "of any rights, privileges, or immunities secured by the Constitution and laws . . . ." However, these claims must be dismissed because Defendant Scott enjoys prosecutorial immunity and the statute of limitations has expired.

First, prosecutorial immunity protects Defendant Scott against money damages because "a prosecutor enjoys absolute immunity from § 1983 suits for damages when [s]he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). "In determining whether an official is entitled to prosecutorial immunity, this court employs a 'functional approach' and looks to the 'nature of the function performed, not the identity of the actor who performed it.'" *Red Zone 12 LLC v. City of Columbus*, 758 Fed. Appx. 508, 513 (6th Cir. 2019) (quoting *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (internal citations omitted)). If the function performed is "intimately associated with the judicial" process, then the state attorney is immune from suit. *Red Zone*, 758 Fed. Appx. at 513. Moreover, "bad motives do not void the

7

protections of prosecutorial immunity." *Id*. at 514 (citing *Imbler*, 424 U.S. at 413).

Here, Plaintiff is attempting to obtain civil recovery for actions Defendant Scott took while clearly acting with the scope of her prosecutorial duties. Indicting persons believed to have been involved in criminal activity falls squarely within the type of activity that prosecutorial immunity was meant to protect. As such, Defendant Scott is immune from these claims.

Second, Plaintiff's action is untimely and barred by the statute of limitations. Section 1983 does not include a limitations period but borrows comparable state law limitations period. *Guba v. Huron County*, 600 Fed. Appx. 374, 379 (6th Cir. 2015). In Tennessee, the statute of limitations for "civil actions . . . brought under the federal civil rights statutes" is one year. TENN. CODE ANN. § 28-3-104. The statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)).

Here, Plaintiff provides that the allegedly false indictment was returned on November 29, 2021. Plaintiff was in custody by January 7, 2022. As such, Plaintiff was aware, or should have been aware, of his constitutional claims on that date. Plaintiff waited until July 24, 2023, to file this suit against Defendant Scott, which is more than one year after Plaintiff's alleged constitutional claims accrued. As such, his federal constitutional claims are time-barred. Based on the foregoing, Plaintiff's federal constitutional claims should be DISMISSED.

### B. Plaintiff Cannot State a Cause of Action for Violations of the Tennessee Constitution

"[I]t is well established that Tennessee does not recognize an implied private cause of action for damages based upon violation of the Tennessee Constitution." *Wooley v. Madison County*, 209 F. Supp. 2d 836, 844 (W.D. Tenn. June 6, 2002); *see also Parker v. Henderson County*, 450 F. Supp. 2d 842, 856 (W.D. Tenn. Aug. 28, 2006). Simply put, Tennessee law does not contemplate

civil causes of action for violations of the state constitution. As such, Plaintiff's attempt to raise claims for violations of the state constitution should be DISMISSED.

### C. Plaintiff's Tort Causes of Action Should be Dismissed

Plaintiff also raises claims for professional malpractice and for intentional infliction of emotional distress ("IIED"). These two claims should be DISMISSED.

First, should the Court decide to dismiss the aforementioned § 1983 claims, there is no jurisdiction upon which to proceed with these state law claims. Federal courts are courts of limited jurisdiction. U.S. CONST. ART. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). Litigants must establish that the court has subject matter jurisdiction over their claims through federal question jurisdiction, diversity jurisdiction, or supplemental jurisdiction. 28 U.S.C. § 1331–1332; 28 U.S.C. § 1367. Supplemental jurisdiction is available where there is at least one claim over which the court has subject matter jurisdiction, and the supplemental claim constitutes part of the same "case or controversy." 28 U.S.C. § 1367(a). The court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When a federal court dismisses the underlying federal law claims, the court "should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Retaining jurisdiction over state law claims once the federal claims are dismissed "should be exercised only in cases where the 'interests of judicial economy and the avoidance of multiplicity of litigation' outweigh . . . concern[s] over 'needlessly deciding state law issues.'" *Moon*, 465 F.3d at 728 (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)).

Here, absent the § 1983 claims, there are no claims over which the Court has original jurisdiction. Because this case is only at the screening stage, the undersigned recommends

9

declining to exercise supplemental jurisdiction. There are no interests of judicial economy that would be served in retaining jurisdiction over Plaintiff's state law claims.

Second, even if the Court were to retain jurisdiction, Plaintiff failed to state a plausible claim for legal malpractice or IIED. There are two glaring issues with Plaintiff's legal malpractice claim. Most notably, in order to state a claim for malpractice "against an attorney, a plaintiff has the burden of proving . . . the employment of the attorney. . . ." *Jamison v. Norman*, 771 S.W.2d 408, 409 (Tenn. 1989). This requires a showing that the attorney being sued for malpractice "owed a duty to the plaintiff" as that person's representation. *Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001). Here, Defendant Scott was not acting as Plaintiff's attorney; she was the attorney for the State of Tennessee and owed no duty to Plaintiff. Additionally, there is a one-year statute of limitations to bring a legal malpractice claim in Tennessee. Tenn. Code Ann. § 28-3-104(c)(1). As discussed above, Plaintiff waited more than one year from the date he knew, or should have known, of the alleged issues with his arrest to file suit. Because Plaintiff was not owed a duty of care by Defendant Scott, and he waited more than one year to file suit, his legal malpractice claim cannot proceed.

As to Plaintiff's IIED claim, to state a plausible claim Plaintiff needed to establish three elements, one of which is that "the conduct complained of must result in serious mental injury." *Bain v. Wells*, 936 S.E.2d 618, 622 (Tenn. 1997). The type of mental injury required is one that "a reasonable person, normally constituted, would be unable to adequately cope with . . . ." *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 208 (Tenn. 2012) (internal quotations omitted). Plaintiff failed to plead *any* facts regarding the mental injury. As such, he failed to state a plausible claim for IIED. Based on the foregoing analysis, even if the Court were to retain supplemental jurisdiction, these causes of action should be DISMISSED for failure to state plausible claims.

## IV. CONCLUSION

Based on the foregoing analysis, the undersigned RECOMMENDS DISMISSING all of Plaintiff's claims.

RESPECTFULLY SUBMITTED this the 28th day of May, 2024.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**